IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | JURY TRIAL DEMANDED |
| PROCOM WIRELESS, LLC | ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Autumn A. Thomas ("Thomas"), who was adversely affected by such practices. Plaintiff alleges that Thomas was unlawfully subjected to a tangible employment action by Defendant (termination) on the basis of her race, African American.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a limited liability company doing business in the City of McDonough, State of Georgia and has continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

7.     More than thirty days prior to the institution of this lawsuit, Thomas filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

8.     On April 1, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.     On August 17, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

## **STATEMENT OF CLAIM**

10.     More than thirty days prior to the institution of this lawsuit, Thomas filed a timely charge of discrimination with the Commission alleging violation of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

11. Since at least April 2014, Defendant engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a) by subjecting Thomas to discrimination by terminating her employment on the basis of her race, African American.

12. Thomas began working for Defendant on April 17, 2014 as a Staff Accountant.

13. Thomas met the Defendant's Regional Director (Caucasian) for the first time after she appeared for work on April 17.

14. The Regional Director exhibited a look of shock and/or surprise as he was introduced to Thomas.

15. Thomas completed a new employee orientation process, after which she was set up at a work station and given an assignment to complete.

16. After completing the assignment, Thomas took a lunch break and returned to her work station.

17. Immediately after Thomas returned from lunch, the Regional Director and Chief Executive Officer met with her and terminated her employment. In response to Thomas' inquiry whether she had done something wrong, they told Thomas that she had not and that "you're great." They informed Thomas that they

had simply changed their minds and decided the company needed a controller as opposed to a Staff Accountant.

18. Defendant did not hire a controller in the place of Thomas as it represented to her at the time of her termination.

19. Instead, on April 18, 2014, Procom posted a "Sr. Accountant" position with the exact same job duties as the staff accountant position for which Thomas had been hired.

20. The qualification requirements for the two positions were almost identical except for the experience requirement which increased from "2 to 6 years" for the Staff Accountant job to "4 to 8 years" for the Sr. Accountant job.

21. Thomas had the requisite experience and met all job requirements for the Sr. Accountant position as well as the Staff Accountant position.

22. Defendant hired a Caucasian for the Sr. Accountant position on May 14, 2014 with qualifications comparable to Thomas'.

23. The time that Thomas took to perform the task for which she was allegedly terminated is comparable to the time it regularly takes her replacement to perform the same task.

24. Thomas' replacement has not been terminated for performing in a substantially similar manner as Thomas.

25. The effects of the practices complained of in paragraphs 11 through 24, above, have been to deprive Thomas of equal employment opportunities and otherwise adversely affect her status as an employee because of her race, African American.

26. The unlawful employment practices complained of in paragraphs 11 through 24, above, were intentional.

27. The unlawful employment practices complained of in paragraphs 11 through 24 above, were carried out with malice and/or reckless indifference to the federally protected rights of Thomas.

28. The effects of the practices complained of in paragraphs 11 through 24, above, have been to inflict emotional pain, suffering, and inconvenience upon Thomas and deprive her of the financial and other benefits of working for Defendant.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in race discrimination against employees and engaging in any other employment practice which discriminates on the basis of race.

B.   Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant to make whole Thomas by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.   Order Defendant to make whole Thomas by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

E.   Order Defendant to make whole Thomas by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

F.   Order Defendant to pay to Thomas punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper.

H.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

        Respectfully submitted,

        P. DAVID LOPEZ
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

Dated:   September 30, 2015        s/ Robert K. Dawkins
        Robert K. Dawkins
        Regional Attorney
        Georgia Bar No. 076206
        robert.dawkins@eeoc.gov

Sairalina Montesino        Ottrell Edwards
Trial Attorney        Supervisory Trial Attorney
Georgia Bar No. 940665        Georgia Bar No. 141979
sairalina.montesino@eeoc.gov        ottrell.edwards@eeoc.gov

        U.S. Equal Employment Opportunity Commission
        Atlanta District Office
        100 Alabama St., SW, Suite 4R30
        Atlanta, Georgia 30303

Telephone: (404) 562-6818
Facsimile: (404) 562-6905

9